[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE BY DEFENDANTS NORTHEAST UTILITIES AND THE CONNECTICUT LIGHT POWER COMPANY #126
This personal injury action was commenced by the plaintiff Richard Gallagher, Jr., against the defendants Northeast Utilities (NU), The Connecticut Light Power Company (CLP) and Square D, by writ, summons and complaint served upon them in July, 2001. The plaintiff amended his complaint against the same defendants on August 22, 2001, and filed a revised version on November 21, 2001. Square D responded to the amended complaint by filing an answer, special defenses and a crossclaim dated October 18, 2001. The crossclaim is directed at the defendants NU and CLP (the utilities), and seeks apportionment of liability and damages to the extent that the plaintiff recovers damages in this action, pursuant to General Statutes
The utlities have moved to strike the crossclaim on two grounds:
(1) the crossclaim does not seek any affirmative relief, and
(2) it seeks apportionment from entities already parties to this action.
Square D has objected to the motion to strike. The parties have waived oral argument.
The revised amended complaint asserts three counts of negligence that allegedly resulted in the injuries to the plaintiff during the testing of an energized electrical system. Count one is a claim of negligence against Square D, consisting of twelve separate subparagraphs of alleged negligent acts by Square D. Counts two and three are claims of negligence against the two utilities, each count consisting of three separate subparagraphs alleging their negligent acts. Square D notes that the allegations contained in counts two and three of the revised amended CT Page 11023 complaint are separate and distinct from the allegations contained in count one. Square D objects to the motion to strike its crossclaim against the utilities on the basis that the crossclaim provides notice of its intention to seek apportionment against the utilities.
"A motion to strike tests the legal sufficiency of the allegations of any complaint, counterclaim or crossclaim . . . to state a claim upon which relief may be granted. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989); Practice Book § 10-39(a)(5). "[A motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . ." (Citations omitted.) Mingachosv. CVS, Inc., 196 Conn. 91, 108, 491 A.2d (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
Relying on the plain language of General Statutes § 52-102b and pertinent case law, the court agrees that a crossclaim for apportionment of liability and damages is unnecessary in a negligence action in which liability already is claimed against the crossclaim defendant.
This issue was decided by Judge Mihalakos in Gerarde v. Anastasiou, Superior Court, judicial district of New London at New London, Docket No. 546471 (June 30, 1999, Mihalakos, J.). The Gerarde plaintiff brought an action for damages as a result of a slip and fall she sustained while exiting the Old Lyme Pizza Palace. She claimed that she tripped over a concrete curbstone next to the front entrance of the restaurant, and on that basis served a three-count complaint against the owner of the restaurant, the restaurant itself, and the builder of the curbstone. The curbstone builder filed an apportionment complaint against the designer of the curbstone, and the restaurant owner then filed a crossclaim against that designer. Before the court was a motion to strike the crossclaim on the grounds that an apportionment complaint may be filed only against a person not already a party to the action, and a crossclaim for apportionment is legally insufficient because it fails to seek affirmative relief. The crossclaim plaintiff argued that his pleading against the curbstone designer was necessary to ensure that the designer's apportionment liability would be properly considered by the court.
The crossclaim plaintiff in Gerarde assumed that a pleading was sufficient notice to the court of his intention to seek apportionment of damages in a negligence action in which the crossclaim defendant already was a party. In fact, such a pleading may effect reliance by the CT Page 11024 crossclaimant on an assumption that the mere assertion of a crossclaim against a person already a party to the action guarantees automatic apportionment of liability and damages at the conclusion of trial, even if a defendant has been released after settlement prior to trial. Both assumptions are mistaken.[1]
Our General Statutes contain a well-considered scheme for apportioning liability and damages among joint tortfeasors. General Statutes §52-102b is the exclusive means by which a defendant may bring a claim against a person not a party to an action but who may be liable for a proportionate share of the plaintiff's damages. Judge Mihalakos decided inGerarde that the apportionment defendant already was a party to the action and therefore the crossclaim filed against him by a defendant in the original action was impermissible. According to the Gerarde
decision, "the express language of 52-102b precludes a crossclaim for apportionment against someone who is already a party to the action." Id.
The court noted, however, that the defendant is not left without a remedy. "Since General Statutes § 52-572h (c) provides that all parties against whom recovery is permitted are liable only for their proportionate share of the damages, and because [the crossclaim defendant already] is a party, his percentage of negligence will be considered by the jury." Id., quoting Algea v. Barnett, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334396 (July 17, 1997,Skolnick, J.).
This court notes, however, that apportionment does not arise automatically, but must be based on evidence at trial. Baxter v.Cardiology Associates of New Haven, 46 Conn. App. 377, 381-82,699 A.2d 271, cert denied, 243 Conn. 933, 702 A.2d 640 (1977). InBaxter, the appellate court reviewed the question that arises when a defendant, namely the hospital defendant in a medical malpractice case, settled and was released prior to trial.[2] The remaining party defendants argued after the close of the plaintiff's evidence that they had no obligation to raise the issue of the hospital's liability for apportionment purposes, nor did they have any burden of proof in regard to the hospital's apportionment liability. "The defendants take the position that the question of apportionment and liability of a settled or released party arises automatically by virtue of the statute." Id., 380. The trial court disagreed with them, and denied their request to submit to the jury the issue of the hospital' s negligence.
The appellate court affirmed that decision, holding that "[a]s with any issue, the trial court must not submit the issue of the settled person's negligence to the jury unless there is evidence to support it." Id., CT Page 11025 382. The same result would occur if no evidence were presented to support a complaint, counterclaim or crossclaim. A claim devoid of evidence to support it will not be submitted to the trier of fact.
Thus, it is impermissible to assert a crossclaim against a party already in the case. The notice of a defendant's intention to have apportionment questions submitted to the jury must come from the evidence presented by that defendant at trial.
In the instant case, the utilities also argue in their motion to strike that the crossclaim for apportionment is legally insufficient because it fails to seek affirmative relief. The court's holding as to the impermissibility of the crossclaim under the plain language of General Statutes § 52-102b is dispositive of this motion to strike; therefore, the court need not address this issue.
The motion to strike the crossclaim by Square D against the utilities (#126) is granted.
Robert F. McWeeny, J.